IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

BOBBY BRAY )
)
)
Plaintiff )
)
vs. )   CV NO. 97-HM-0458-J
)
)
NATIONWIDE MUTUAL FIRE INSURANCE )
COMPANY )
)
Defendant )

**FILED**
**APR 11 1997**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**ENTERED**
APR 11 1997

## MEMORANDUM OF DECISION

The above entitled civil action is before the Court upon Plaintiff Bobby Bray's Motion to Remand [filed February 25, 1997]. For the reasons hereinafter stated, this Court finds and holds that the above entitled civil action is due to be remanded to the Circuit Court of Walker County, Alabama from whence it was removed.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 1997 Plaintiff-Insured Bobby Bray ["Bray"] commenced this civil action against Defendant-Insurer Nationwide Mutual Fire Insurance Company ["Nationwide"] in the Circuit Court of Walker County, Alabama alleging the following claims: [1] breach of contract; and [2] bad faith. Plaintiff-Insured alleges that he made a claim under a policy of automotive insurance issued to him by Defendant-Insurer for the theft of an insured vehicle and that Defendant-Insurer allegedly refused to pay Plaintiff-Insured the amount due under the policy. Plaintiff-Insured demanded judgment against Defendant-Insurer for damages, including punitive damages, in an unspecified amount to be determined by a jury.

On February 25, 1997 Defendant-Insurer timely filed a Notice of Removal predicated on 28 U.S.C. § 1332(a)(1) [Diversity of citizenship and amount in controversy]. At the time of the removal, Defendant-Insurer had not been officially served with a copy of Plaintiff-Insured's Complaint, but Defendant-Insured authorized its attorney to proceed with removal of the above-entitled civil action to this federal district court.

In its Notice of Removal, Defendant-Insurer alleges that it is a company organized and existing under the laws of the State of Ohio with its principal place of business in the State of Ohio and that Plaintiff is a resident of Walker County, Alabama.

In its Notice of Removal, Defendant-Insurer alleges that the amount in controversy exceeds seventy-five thousand dollars [$75,000.00]. In his Complaint, **Plaintiff-Insured requests compensatory and punitive damages, but does not request a specific monetary amount.** In support of its claim that this civil action exceeds $75,000.00, Defendant-Insurer acknowledges that Plaintiff-Insured has not made a specific monetary demand for damages, but allege that it is well settled under Alabama law that punitive damages recovered in actions alleging bad faith refusal to pay regularly exceed $75,000.00. On February 25, 1997 Plaintiff-Insured timely filed a Motion to Remand.

## DISCUSSION

### I. *GENERAL PRINCIPLES OF LAW IN RE REMOVAL*

[1] A defendant seeking removal has the burden of demonstrating that the federal district court has jurisdiction.

2

*Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

[2] The removal statutes are interpreted strictly with remand being favored when removal jurisdiction is in doubt. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[3] Federal courts are courts of limited jurisdiction.

[4] While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), and cases therein cited on p. 1095, left column thereof, in support of this proposition.

[5] Defendant's right to remove and plaintiff's right to choose his own forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount. Removal statutes are construed narrowly.

**[6] Where plaintiff and defendant clash about jurisdiction [in a removal context] uncertainties are resolved in favor of remand.** *Burns v. Windsor Ins. Co.*, supra, at p. 1095.
**Court Note:** **This federal district court is entitled to *sua sponte* clash with either party litigant about jurisdiction if the existing circumstances so dictate.**

[7] The statute conferring diversity jurisdiction, 28 U.S.C. § 1332(a)(1), is to be strictly construed. *City of Indianapolis v. Chase Manhattan Bank*, 314 U.S. 63, 76 (1941).

[8] Because removal is only permissible when plaintiff's claim

3

could have been filed in federal court, we must look to plaintiff's claim to determine whether the removal was appropriate.

[9] It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed. In Re *Carter*, 618 F.2d 1093, 1001 (5th Cir. 1980) (binding precedent in 11th Circuit).

[10] <u>Jurisdiction depends on the situation at the time of removal.</u> *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 1293 (1938).

[11] Jurisdiction absent jurisdictional amounts cannot be established by waiver or consent. *Crenshaw v. Great Central Insurance Co.*, 482 F.2d 1255, 1259 (8th Cir. 1973).

[12] Subject matter jurisdiction can never be waived or conferred by consent of the parties. *Latin American Property & Cas. Co. v. High Lift Marina*, 887 F.2d 1477, 1479 (11th Cir. 1989), citing *Insurance Corp. of Ireland v. Champagnie Des Besets de Guinea*, 456 U.S. 694, 702 (1982).

[13] Subject matter jurisdiction cannot be conferred upon the courts by the actions of the parties and principles of estoppel and waiver do not apply. *Richardson v. U.S.*, 943 F.2d 1007, 1113 (9th Cir.), cert denied, 112 S.Ct. 1473.

[14] If the asserted ground for remand is the federal court's lack of subject matter jurisdiction, the concepts of equity, waiver and estoppel are inapplicable. In Re *Carter*, 18 F.2d 1093, 1101 (5th Cir. 1980) (binding precedent in Eleventh Circuit), citing

4

*American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

[15] The subject matter jurisdiction of federal courts is limited by the Constitution and the Congress and cannot be expanded by judicial interpretation or by the acts of consent of the parties to a case. *American Fire & Casualty Co. v. Finn*, 341 U.S. at 17-18 (1951).

## II. AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332

The recent case of *Tapscott vs. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) squarely holds: [1] the removing defendants have the burden of proving the existence of federal jurisdiction; [2] the removing defendants' ability to remove this state case to this federal district court is not unfettered; [3] the proper balance between plaintiff's right to choose his forum and defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by the preponderance of evidence standard when the amount of the damages claimed by a plaintiff is unspecified; [4] diversity jurisdiction requires complete diversity, with every plaintiff diverse from every defendant; [5] the removability of the case should be determined according to plaintiff's pleading at the time of filing of the notice of removal; and [6] where plaintiff has made unspecified demand for damages in state court, the removing defendants must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.

## III. ANALYSIS OF PLAINTIFF'S BAD FAITH CLAIM

In its consideration of the allegations of Plaintiff's

5

Complaint in this case this Court in making its **independent evaluation** of the 28 U.S.C. ¶ 1332(a) amount in controversy in this case could not help but refresh its recollection with respect to the legal truism appearing in the Commentary On Federal Jurisdiction written by David D. Siegel following 28 U.S.C. § 1332 in the United States Code, which reads:

> In tort cases, for example, which account for a substantial part of the diversity calendar, damages are most invariably UNLIQUIDATED and all relief demands are MERE CONJECTURES, pending the fact finding process.

While this Senior United States District Judge is reasonably familiar with the history of bad faith tort claims in the State of Alabama both in federal and state court from the time of the rendition of the Alabama Supreme Court's decision in *Chavers v. Nat'l Security Fire & Casualty Co.*, 405 So. 2d 1 (Ala. 1981) to this date and is well aware that some few bad faith civil cases tried during this period have resulted in substantial jury verdicts in favor of the plaintiff of well in excess of $75,000.00, this Senior United States District Judge is thoroughly persuaded that during the sixteen years he has been on the federal bench that far more bad faith tort cases have been won in both federal and state court by defendant insurers than by the plaintiff insured during this period in the form and format of summary judgments, directed verdicts and/or motion for judgment as a matter of law following close of the plaintiff's case at trial or at the close of all of the evidence in the case and by jury verdicts in favor of the defendant insurer than have been won by the plaintiff insured.

APJI 20.37 at p. 560 of ALABAMA PATTERN JURY INSTRUCTIONS,

CIVIL, Second Edition captioned "BAD FAITH" reads as follows:

### APJI 20.37 -- BAD FAITH

Every insurance policy contains a duty implied by law of good faith and fair dealing with the other party to the policy. This duty requires that neither party interfere with the rights of the other to receive the benefits of the policy. The plaintiff claims that the defendant insurer has violated this implied duty of good faith and fair dealing.

The defendant insurer denies that it has violated this implied duty of good faith and fair dealing. Therefore, the burden is upon the plaintiff to reasonably satisfy you from the evidence of the truthfulness of each of the following claims:

1. That there was an insurance contract between the parties;
2. That by the terms of the contract the defendant insurer was obligated to pay the plaintiff's claim;
3. That the defendant insurer intentionally refused to pay the plaintiff's claim;
4. That there was no reasonably legitimate, arguable or debatable reason for that refusal to pay, that is, no reason that was open to dispute or question; and
5. That the defendant insurer had actual knowledge that there was no reasonably legitimate, arguable or debatable reason.

### NOTES ON USE

To be used in cases where there is sufficient evidence to submit to the jury the plaintiff's claim that there was no lawful basis for the refusal to pay coupled with the insurer's actual knowledge of that fact. In some cases, it will be contended that the insurer intentionally failed to determine whether there was an arguable reason for denying the claim. Where there is sufficient evidence to submit that issue to the jury, the instruction should be modified to include the following:

5. That the defendant insurer intentionally failed to determine whether there was a reasonably legitimate, arguable or debatable reason to refuse to pay the plaintiff's claim.

Bad faith refusal to pay is not a negligence action because it requires intentional conduct on the part of the defendant and as such is a variety of fraud. The mere failure to perform the contract is only one element of the cause of action for bad faith which can not exist without the other elements.

See APJI 20.38 with reference to proof of actual knowledge.

### REFERENCES

*Chavers v. National Secur. Fire & Casualty Co.*, 405 So.2d 1 (1981, Ala), later app (Ala) 456 So.2d 293.
*National Secur. Fire & Casualty Co. v. Bowen*, 417 So.2d 179 (1982, Ala), appeal after remand (Ala) 447 So.2d 133.
*Aetna Life Ins. Co. v. Lavoie*, 505 So.2d 1050 (1987, Ala).
Ala. Digest, Insurance, Key No. 605.2.
*Taylor v. Prudential Ins. Co. of America*, 775 F.2d 1457 (11th Cir. 1985), reh. denied 781 F.2d 905.
*Southeast Nursing Home Inc. v. St. Paul Fire and Marine Ins., Co.*, 750 F.2d 1531 (11th Cir. 1985).
*Haynes v. Allstate Ins. Co.*, 749 F.2d 1474 (11th Cir. 1985).

APJI 20.38 captioned "BAD FAITH - INFERENCE OF ACTUAL KNOWLEDGE" found at p. 562 of ALABAMA PATTERN JURY INSTRUCTIONS, CIVIL, Second Edition, reads as follows:

### APJI 20.38: BAD FAITH -- INFERENCE OF ACTUAL KNOWLEDGE

As you have been instructed, the burden is upon the plaintiff to reasonably satisfy you from the evidence that the defendant insurer had actual knowledge that there was no reasonably legitimate, arguable

or debatable reason for its refusal to pay. The relevant question before you is whether the claim was properly investigated and whether the results of the investigation were subjected to a reasoned and informed evaluation and review. The knowledge or reckless disregard of the lack of a legitimate or reasonable basis may be inferred and imputed to an insurance company where there is a reckless indifference to facts or to proof submitted by the insured.

### NOTES ON USE

May be used with APJI 20.37 as further explanation of the actual knowledge requirement of the tort of bad faith refusal to pay.

### REFERENCES

*Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916 (1981, Ala).
*Aetna Life Ins. Co. v. Lavoie*, 505 So.2d 1050 (1987, Ala).

APJI 20.39 captioned "BAD FAITH--COMPENSATORY DAMAGES" at p. 563 of Volume I of the ALABAMA PATTERN JURY INSTRUCTIONS, CIVIL, Second Edition, reads:

### APJI 20.39 -- BAD FAITH: COMPENSATORY DAMAGES

If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover, you may assess damages for any mental stress or economic loss suffered by the plaintiff as the direct result of the defendant's refusal to pay.

### NOTES ON USE

To be used to define the compensatory damages recoverable for the tort of bad faith refusal to pay. See APJI 11.03 for charge on punitive damages.

### REFERENCES

*Chavers v. National Secur. Fire & Casualty Co.*, 405 So.2d 1 (Ala. 1981), appeal after remand (Ala) 456 So.2d 293.
*Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916 (Ala. 1981).

APJI 11.03 in DAMAGES section captioned "PUNITIVE" of the ALABAMA PATTERN JURY INSTRUCTIONS, CIVIL, at pp. 221-222 reads:

### APJI 11.03 -- PUNITIVE

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. (Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.)

8

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:
A. With an intent to injure the person or property of another person or entity, or
B. Under such circumstances that the law will imply an evil intent.

### NOTES ON USE

To be used in all cases requiring a charge on punitive damages except actions for wrongful death.

### REFERENCES

*Industrial Chemical & Fiberglass Corp. v. Chandler*, 547 So.2d 812 (837, 75 ALR4th 123 (1988, Ala), appeal after remand (Ala) 1989 Ala LEXIS 11, later proceeding (Ala) 1989 Ala LEXIS 492.

*LeFevre v. Westberry*, 590 So.2d 154, 163 (1991, Ala).

*Charter Hosp. of Mobile, Inc. v. Weinberg*, 558 So.2d 909, 916, (1990,Ala).

*Feazell v. Campbell*, 358 So.2d 1017, 1020 (1978,Ala).

*Southern Life & Health Ins. Co. v. Whitman*, 358 So.2d 1025, 1027 (1978,Ala).

Davis Carr, *Punitive Damages and Post-Verdict Procedures: Where Are We Now and Where Do We Go From Here?*, The Ala. Lawyer, March 1990, at 90, 95.

*Pacific Mut. Life Ins. Co. v. Haslip*, 113 L.Ed 2d 1, 38, 111 S.Ct. 1032, 91 CDOS 1626, 91 Daily Journal DAR 2599, 18 Media LR 1753 (1991, US).

Ala. Code § 6-11-20 (Supp.1991).

See Also Ala. Code (1987), § 6-11-20 [Punitive damages not to be awarded other than where clear and convincing evidence proven; definitions].

In summary, this Court's independent evaluation of the amount in controversy in Plaintiff's Count II bad faith claim is less than Seventy-Five Thousand ($75,000.00) Dollars.

### IV. ANALYSIS OF PLAINTIFF'S BREACH OF CONTRACT CLAIM

A close review and analysis of Plaintiff's Count I claim for breach of contract throughly convinces this Court that the defendant insurer more likely so than not so will prevail at trial with respect to this first stated claim for relief in Plaintiff's state court-state law Complaint. While there may be more favorable facts to Plaintiff's side of the case with respect to this breach of contract claim to be unearthed by Plaintiff's able counsel of

9

record through the conduct of intensive discovery before trial, the sparseness of relevant and material facts favoring Plaintiff with respect to his breach of contract claim is strongly evidenced in this court file at this stage of the case.

This Court's independent evaluation of the amount in controversy in Plaintiff's Count I breach of contract claim is less than Twenty-Five Thousand [$25,000.00] Dollars.

In short, this Alabama breach of contract and bad faith case simply does not possess the characteristics of a high roller case, moneywise. And for the reasons hereinabove stated, this Court, after conducting an independent evaluation of the 28 U.S.C. 1332(a) amount in controversy in the above-entitled civil action holds that the 28 U.S.C. § 1332(a) amount in controversy here is **far less than the sum or value of $75,000.00.**

### CONCLUSION

Therefore, the Court concludes that this case is due to be remanded to the Circuit Court of Walker County, Alabama from whence it was removed for lack of subject matter jurisdiction. An appropriate order will be entered in the above entitled-civil action contemporaneously with the entry of this Memorandum of Decision and consistent with the views herein expressed.

DONE this 11th day of April, 1997.

_____
E. B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

10